**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**GEICO CASUALTY COMPANY,**

       **Plaintiff,**

                                 **Case No. 1:19-cv-933**
    **v.**                       **JUDGE DOUGLAS R. COLE**

**FRANCIS S. PANNO, et al.,**

       **Defendants.**

**OPINION & ORDER**

This cause comes before the Court on the Motion For Dismissal As Unnecessary Parties Pursuant To Rule 21 (Doc. 25) filed by Defendants Francis S. Panno and Marlene K. Pulaski-Panno (together, the "Pannos"). For the reasons below, the Court **GRANTS** the Pannos' Motion (Doc. 25) and **DROPS** Plaintiff GEICO Casualty Insurance's claims against the Pannos.

**BACKGROUND**

On June 2, 2018, Defendant Darrell Meader was driving a car in Kentucky, with his wife, Defendant Deloris Meader, in the passenger seat, when the Meaders were involved in an accident with another car that was operated by Defendant Dianne Barnhill. The Pannos owned the car that Barnhill was driving. GEICO was the Pannos' insurance provider, and Defendant Auto Owners Insurance Company ("Auto Owners") was Barnhill's insurance provider.

When the Meaders later brought a personal injury lawsuit against Barnhill in the Boone County Circuit Court in Kentucky, a dispute arose between GEICO and Auto Owners about which insurer must provide Barnhill defense and liability

coverage. To resolve that dispute, GEICO filed this declaratory judgment action against Defendants Francis S. Panno, Marlene K. Pulaski-Panno, Diane Barnhill, Deloris Meader, Darrell Meader, Auto Owners, and "John Does 1–10" asking the Court to determine GEICO's rights and obligations to Barnhill under the Pannos' GEICO policy. More specifically, GEICO seeks an order from this Court declaring that Auto Owners, rather than GEICO, must provide Defendant Barnhill with defense and liability insurance coverage for the Meaders' underlying claims.

On April 7, 2020, Barnhill's counsel, on behalf of all parties, filed a joint proposed order, titled "Agreed Order Dismissing Defendants Francis S. Panno and Marlene K. [Pulasksi]-Panno" (Doc. 24), which states "[b]y agreement of all parties and for good cause shown, the Court being informed that [the Pannos] are not necessary parties to the resolution of this case, it is ordered pursuant to Civ. R. 21 that [the Pannos] are dismissed without prejudice." (*See id.*, #142). The Court contacted counsel and explained that Federal Rule of Civil Procedure 21 requires that the parties move the Court to drop an unnecessary party or claim, rather than simply notify the Court that they have agreed to drop an unnecessary party.

About two weeks later, on April 25, 2020, the Pannos filed a Motion for Dismissal as Unnecessary Parties Pursuant to Rule 21 (Doc. 25) requesting the Court to drop them "because they have no personal stake in the outcome of this nuanced insurance coverage dispute." (Mot. for Dismissal at 2, #145). The Pannos noted that in the "Agreed Order," all the parties in this case had already consented to dismissing the Pannos from this action. (*Id.* at 3, #146). Consistent with that, GEICO filed a non-

opposition to the Motion. (Doc. 27). Deloris Meader, however, filed a Response in Opposition (Doc. 26) objecting to the Pannos' request because Meader "cannot prejudice the rights of her under-insurance company and risk nullifying the under-insurance coverage provided by her own policy." (Meader's Resp. at 2, #151). As the Court understands it, Meader is concerned that if she were to acquiesce in the Pannos' dismissal from this suit that could prejudice her later efforts to file an under-insured motorist claim against the Meaders' own automobile insurer, State Farm Insurance Company ("State Farm"), in the event that Barnhill's and/or Pannos' insurers have insufficient limits to afford her complete recovery for her injuries.

## LEGAL STANDARD

The correct procedural vehicle for removing less than all parties or claims from an action is Federal Rule of Civil Procedure 21. That rule states, in full: "Misjoinder of parties is not ground for dismissing an action. On Motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. When evaluating a motion for dismissal under Rule 21, courts should consider Rule 41 standards as guidance for analyzing potential prejudice to the non-movants. *Wilkerson v. Brakebill*, No. 3:15-cv-435, 2017 WL 401212, *2 (E.D. Tenn. Jan. 30, 2017). The purpose of this prejudice analysis is "to protect defendants who have put considerable time and effort into defending a case, only to have the plaintiff pull the rug out from under them by voluntarily dismissing the action." *Id.* (quoting *Crozin v. Crown Appraisal Grp., Inc.*, Nos. 2:10-cv-581, 2:10-cv-764, 2012 WL 139219, *2 (S.D. Ohio Jan. 18, 2012) (discussing the

3

prejudice analysis under Rule 41)). Accordingly, requiring GEICO or the Pannos to move for dismissal, rather than just file a "notice," was intended to—and apparently did—afford other parties an opportunity to be heard on any prejudice they believe they may suffer. Indeed, here, Meader initially agreed to the proposed dismissal of the Pannos. But after the Court required the parties seeking a dismissal under Rule 21 to file a motion requesting that action, Meader apparently changed her original position and now opposes the Pannos' request for dismissal.

In terms of resolving that dispute, however, both Pannos' Motion and Meader's Response arguably start from the wrong place. That is because both rely on the framework for determining whether a court may drop a single nondiverse party from a case (i.e., asking whether the party is "necessary" under Rule 19) in order to establish complete diversity among the remaining parties, and thus ensure that the court properly exercises jurisdiction over the case. (Pannos' Mot. to Dismiss at 3, #146 (quoting *Safeco Ins. Co. v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994)); Meader's Resp. at 2–3, #151–52 (citing the same)). Given that diversity jurisdiction here does not rest on the Pannos' party status, *Safeco* and its reliance on Rule 19 is not directly on point. That said, Rule 19 focuses on protecting the "absentee" party. *Sch. Dist. of City of Pontiac v. Sec. of U.S. Dep't of Educ.*, 584 F.3d 253, 266 (6th Cir. 2009). Similarly, the Sixth Circuit has found that the relevant determination under Rule 41 is whether the defendant would suffer "plain legal prejudice" as a result of the dismissal. *Grover v. Eli Lily & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Accordingly, this Court finds that because the Pannos have moved for their own dismissal and

GEICO (the plaintiff here) does not oppose that request, the parties' reliance on Rule 19 is not an insurmountable problem, as the framework for resolving a Rule 19 dispute is focused on the same key concern before the Court here—deciding whether dismissing the Pannos will prejudice any party. Thus, the Court will rely on Rule 19's necessary-party analysis to guide its determination.

## DISCUSSION

Under Rule 19(a)(1), the Pannos are "necessary" if:

(A) in [their] absence, the court cannot accord complete relief among existing parties; or

(B) [the Pannos] claim[] an interest relating to the subject of the action and [are] so situated that disposing of the action in [their] absence may:

    (i) as a practical matter impair or impede [their] ability to protect the interest; or

    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Regarding the first element, the Pannos argue that in their absence, this Court can still provide complete relief to the remaining parties. At its core, this declaratory judgment action asks the Court to determine which of the two insurers, GEICO or Auto Owners, is responsible for providing defense and indemnity coverage in the underlying action. The Pannos assert that, regardless of whether they remain parties in this action, this Court can decide that question. GEICO agrees and does not object to the Court dropping the Pannos. (*See* GEICO's Resp. at 2, Doc. 27, #157).

But Deloris Meader, one of the plaintiffs suing Barnhill in the underlying action, disagrees. She argues that the Pannos are necessary parties here because if "Meader obtains a judgment in the underlying personal injury case in excess of the underlying Defendants['] coverage, [Meader is] obligated to assure her under-insurance coverage is not threatened." (Meader's Resp. at 3, #152). That is, Mrs. Meader seems to be concerned that her acquiescence to the Pannos' dismissal from this suit could prejudice her ability to recover from her own insurance provider, State Farm Insurance Company, in the underlying case.

Notably, though, State Farm is not a party here. That's important because, in analyzing whether a party's absence would deny an existing party complete relief, "Rule 19(a)(1) focuses on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." *Sales v. Marshall*, 873 F.2d 115, 121 (6th Cir. 1989) (citation omitted). Given that Meader's concern here relates to the potential denial of relief that *she* may seek, which is not only speculative, but also relates to relief that she would be seeking in separate pending litigation with an entity (State Farm) that is not a party here, her argument is not persuasive regarding the first element. Thus, because the Court has the ability to provide all the relief that has been requested in this action (i.e., GEICO's declaratory judgment) regardless of the Pannos' absence, the Pannos are not a necessary party under Rule 19(a)(1)(A).

There are two remaining circumstances under which the Pannos could qualify as a necessary party under Rule 19. Neither applies here, though, because a

prerequisite for both circumstances has not occurred. That is, under Rule 19(a)(1)(B), the Pannos may be necessary parties if *they* "claim an interest relating to this action and [are] so situated that disposing of the action in [their] absence may: (i) as a practical matter impair or impede [their] ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(i), (ii). Here, the Pannos do not claim any such interest. Rather, they assert that they have neither exposure nor a "personal stake"—that is, that they *lack* any interest. (Pannos' Mot. to Dismiss at 2, 4, #145, 147). For that reason alone, the Pannos are not necessary parties under Rule 19(a)(1)(B).

Separately, Meader has not presented any other concern, beyond that noted above, that might result in prejudice to her in this action if the Court dismisses the Pannos from this case. Nor has she identified any claim for relief that she has against the Pannos in this action. Without either, and given GEICO's indifference regarding the Pannos' party status, dismissal of the Pannos is proper. *See Hensley v. Conner*, 800 F. App'x 309 (6th Cir. 2020). In dismissing the Pannos, however, the Court expressly notes that Meader is not acquiescing in the dismissal. Moreover, in dismissing the Pannos, the Court is not intending to, and does not, rule on whether Meader does—or does not—have a valid under-insured motorist claim against her own insurer, State Farm, in the underlying action. That issue simply is not before this Court.

**CONCLUSION**

For the reasons above, the Court finds that the Pannos are not necessary parties to this action and no parties have shown that they will suffer prejudice if the Court dismisses the Pannos. Accordingly, the Court **GRANTS** Pannos' Motion (Doc. 25) and **DROPS WITHOUT PREJUDICE** Defendants Francis S. Panno and Marlene K. Pulaski-Panno.

**SO ORDERED.**

May 5, 2020
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

8